UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

VLADIMIR PETIT-PHARE, ETC., et ano,

                Plaintiffs,

                                    ORDER
   - against -

                                    CV 2004-4046 (ARR)(MDG)

CITY OF NEW YORK, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

    By letter dated October 3, 2005 ("Nguyen Let."), Assistant Corporation Counsel Anna Nguyen, counsel for defendants, seeks to dismiss this action pursuant to Rule 37 of the Federal Rules of Civil Procedure because of plaintiff's failure to comply with discovery requests and an order of this Court, or, in the alternative, pursuant to Rule 41(b) for failure to prosecute (ct. doc. 7). Plaintiffs have not filed any response.

## BACKGROUND

    The pertinent facts are undisputed and are set forth in the instant letter application and an earlier letter application dated August 16, 2005 by Ms. Nguyen ("First Nguyen Let.") (ct. doc. 6). As set forth in the two letter applications, despite several written and oral requests by defendants' counsel, plaintiffs did not respond to interrogatories and document requests served by hand on April 28, 2005. By endorsed order filed electronically on August 29, 2005, this Court granted the

defendants' first letter motion to compel and directed plaintiffs to provide responses by September 9, 2005. This Court further warned that "sanctions may be imposed if they fail to respond in a timely fashion." As set forth in the Nguyen Let., plaintiffs have neither provided any response to the discovery requests nor sought an extension. Id.

**DISCUSSION**

As a preliminary matter, I address whether I have jurisdiction to consider defendants' motion. This case has been referred to me pursuant to the Court's standing order generally referring "all non-dispositive pretrial matters" to the assigned magistrate judge. Local Civil Court Rule 72.2(a). Even though framed as a motion to dismiss, defendants' request is essentially one for sanctions for failure to comply with discovery requests and an order of the Court, a matter generally within my pretrial reference authority. However, since dismissal is a potential sanction, whether my decision is a matter within my pretrial reference authority depends on the sanction imposed. See 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 at 342-44 (2d ed. 1997) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions"). Were I to determine that the sanction of dismissal is appropriate, I would convert this decision to a report and recommendation for consideration under Fed. R. Civ. P.

72(b).  See, e.g., Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986).  If I decline to impose defendants' requested sanction of dismissal, then Rule 72(a) would govern.  See, e.g., Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5-6 (1st Cir. 1999); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir. 1990)).  In any event, since the application is based, in part, on plaintiffs' failure to comply with my discovery order, this Court will address these issues in the first instance.

Defendants' Motion for Sanctions and to Dismiss

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery.  The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof...

Fed. R. Civ. P. 37(b)(2)(C).  In addition, a party may move to compel under Rule 37(d) for failure to respond to interrogatories and document requests and if such a motion is granted, a court may impose the sanctions available under Rule 37(b)(2).  Fed. R. Civ. P. 37(d).

Because dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme

situations. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 764, cert. denied, 499 U.S. 943 (1991). In addition, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996).

Plaintiffs clearly have failed to provide the discovery, despite an order of this Court and several attempts by defendants to procure compliance. Nor has plaintiffs' counsel responded to either letter application or the Court's order. Counsel cannot simply let deadlines lapse and remain silent even after a motion to compel is filed.

Therefore, the Court finds that sanctions are appropriate here in order to deter plaintiffs and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders

of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); see Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery"). Since this Court previously gave only a warning but did not impose sanctions, the drastic sanction of dismissal is premature at this point. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995) (courts must impose less drastic sanctions, before resorting to dismissal). Accordingly, this Court sanctions plaintiffs $100, payable to the defendants for the costs and fees expended in their effort to obtain discovery. This sanction is imposed jointly on both the client and counsel. See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir. 1988) (Rules 37(a) and 37(d) permit imposition of monetary sanctions on counsel).

This Court declines to consider defendants' application for dismissal under Rule 41(b) since a request for dismissal for failure to comply with discovery is properly addressed under Rule 37(d), rather than "'Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.'" Salahuddin v. Harris, 782 F.2d 1127, 1133-34 (2d Cir. 1986) (quoting Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 347 U.S. 197, 207 (1958)); see also Bobal, 916 F.2d at 763-64.

## CONCLUSION

For the foregoing reasons, plaintiffs and their counsel are jointly sanctioned $100, which payment must be made to the New York City Law Department, counsel for defendants, by October 28, 2005. Plaintiffs <u>must</u> provide the outstanding discovery responses by November 1, 2005. Plaintiffs are warned that if they fail to comply with this order or to respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed. Such sanctions may include a recommendation that this action be dismissed.

Discovery is extended to January 6, 2006 and the next conference is adjourned to January 10, 2006 at 10:30 a.m.

**SO ORDERED.**

Dated:    Brooklyn, New York
           October 12, 2005

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE