UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

VLADIMIR PETIT-PHARE, ETC., et ano,

                Plaintiffs,

                                  ORDER

    - against -

                                  CV 2004-4046 (ARR)(MDG)

CITY OF NEW YORK, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

    By letter dated November 7, 2005 (ct. doc. 9), Assistant Corporation Counsel Anna Nguyen, counsel for defendants, again seeks to dismiss this action because plaintiffs to provide discovery responses that this Court had previously directed plaintiffs to provide by November 1, 2005. See Order dated October 12, 2005 ("prior order"). Ct. doc. 8. As discussed in the prior order, I have jurisdiction to adjudicate requests for discovery sanctions, except that should I determine that the sanction of dismissal is warranted, I would convert my decision into a report and recommendation. Id. at 2-3.

    In her opposing letter dated November 16, 2005, Beth Seligman, counsel for plaintiffs, stated that she is in poor health and was planning to meet with her clients to finalize arrangements for new counsel to take over the case. Ct. doc. 10. In a separate filing on the same date, Innessa Meyerich stated that she was assisting Ms. Seligman and had mailed discovery responses on November 5, 2005.

Irrespective of whether Ms. Seligman had given prior notice of her health problems, the fact remains that plaintiffs did not comply with this Court's order by the deadline set. Ms. Seligman should have sought an extension when she could not comply by the deadline set, but failed to do so. Nor has Ms. Seligman sought leave to substitute new counsel in the past month as promised. This Court is also constrained to remind Ms. Seligman, in light of the tone of her letter, that legal arguments can be made without personal comments regarding opposing counsel.

Nonetheless, since the Court has no reason to doubt Ms. Seligman's representation regarding her health, little would be accomplished by imposing further sanctions on plaintiffs and counsel. Accordingly, I will not, at this juncture, follow through with the warning in the prior order that "if [plaintiffs] they fail to comply with this order or to respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed."

A new discovery schedule will be discussed at the next scheduled conference on January 10, 2006 at 10:00 a.m. Ms. Seligman is reminded that she must comply with Local Civil Rule 1.4 in arranging for substitution of new counsel. If new counsel does not appear by the next conference, Ms. Seligman will be expected to attend. While the Court has excused plaintiffs' untimely compliance with the last deadline set in the prior order, plaintiffs are warned that they will be expected to proceed diligently in this action after the next conference. Counsel is also warned that failure to attend the conference or

to seek an adjournment in a timely fashion could result in sanctions.

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 20, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE